IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KAHLAJAH BROOKS, *et al.*,            :    CIVIL ACTION NO. 1:25-CV-545
                                      :
              Plaintiffs              :    (Judge Neary)
                                      :
       v.                             :
                                      :
MARK KINGSBORO, *et al.*,             :
                                      :
              Defendants              :

### MEMORANDUM

Plaintiffs Kahlajah Brooks, Simone Brooks, and Kaheym Brooks, along with the minor children of Kahlajah Brooks (collectively, "Plaintiffs"), bring claims of violations of their constitutional rights against Officer Mark Kingsboro, Officer Cynthia Kreiser, and the City of Harrisburg. While civil rights laws safeguard people from racial discrimination, "[a] party may not simply point toward a pile of sand and expect the court to build a castle." Jenkins v. Beaver Cnty., 556 P.3d 45, 48 (Utah, 2024) (quoting Salt Lake City v. Kidd, 435 P.3d 248, 255 (Utah, 2019). Parties are responsible for identifying the claims they wish to litigate and substantiating those claims with sufficient factual allegations. When a party fails to do so, the court cannot entertain the case, no matter how unfairly they have been treated. Defendants have moved to dismiss Plaintiffs' complaint for failure to state a claim. Reviewing the complaint, the court agrees it does not state a federal claim against any defendant and so the motion (Doc. 26) to dismiss will be granted.

## I. <u>Factual Background & Procedural History</u>

Plaintiffs are African-American individuals who reside within the Middle District of Pennsylvania.[1] (Doc. 18 ¶¶ 1, 4, 6, 9). On March 31, 2023, James Ezell arrived at Plaintiffs' residence without permission and began arguing, fighting with, and threatening Plaintiffs.[2] (Id. ¶ 30-31). Kahlajah Brooks called 911 to report that she and her family were in imminent danger due to Ezell's conduct and his refusal to leave their property. (Id. ¶ 32).

Defendant Mark Kingsboro arrived at the scene. (Id. ¶ 33). Kingsboro was and is an employee of the Harrisburg Police Bureau. (Id. ¶ 10). When he arrived at the scene, Kingsboro only spoke with Ezell and did not speak or listen to Plaintiffs, nor did he conduct a thorough investigation. (Id. ¶ 33). Incorrectly believing that Ezell resided with Plaintiffs, Kingsboro informed Ezell that he could not be excluded from the property and encouraged him to use force to gain access to the residence. (Id. ¶ 35-37). Kingsboro further arrested Kahlajah Brooks for disorderly conduct and left while Ezell was still at the property with the remaining Plaintiffs. (Id. ¶ 38-39). Ezell then kicked in the front door, forced his way into Plaintiffs' residence, and physically battered the remaining Plaintiffs. (Id. ¶ 40).

---

[1] At the motion to dismiss stage, the court "must accept as true all the factual allegations contained in the complaint." <u>See</u> <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 508 n. 1 (2002). The following factual background therefore adopts the Plaintiffs' allegations for the purpose of ruling on the instant motion.

[2] The court adopts the party's term, "Plaintiffs," whenever it is unclear which members of the Brooks family, particularly the minor children, participated in the alleged conduct.

On April 1, 2023, Ezell returned to Plaintiffs' residence and assaulted and physically battered Kahlajah Brooks, her minor children, and Simone Brooks with a baseball bat and trash can while Kaheym Brooks was present. (Id. ¶ 44-46). After multiple community 911 calls, police arrived at the scene. (Id. ¶ 47). Defendant Cynthia Kreiser, an employee of the Harrisburg Police Bureau, was among the police officers who responded to the call. (Id. ¶ 12, 48). Upon arriving at the scene, Krieser witnessed the fight between Ezell and Plaintiffs. (Id. ¶¶ 49-50). Plaintiffs reported to Kreiser that Ezell physically battered them. (Id. ¶ 51). Ezell was charged with harassment but not assault or battery. (Id. ¶ 52); PA v. James Ezell, MJ-12204-NT-0000826 (Dauphin Co, 2023). Simone Brooks was charged with disorderly conduct, which was later dismissed, and Kahlajah Brooks was charged with simple assault, criminal mischief, property damage, harassment, and disorderly conduct which are still pending. (Doc. 18 ¶ 55, 57, 59). While responding to the incident, Kreiser called Plaintiffs "animals," and the statements were captured on audio. (Id. ¶ 53).

Plaintiffs initiated this action by filing a complaint on March 26, 2025. (Doc. 1). Following a motion to dismiss (Doc. 14), Plaintiffs filed the operative amended complaint on June 16, 2025. (Doc. 18). The amended complaint contains fifteen counts: violation of Plaintiffs' civil and constitutional rights under 42 U.S.C. § 1983 against Kingsboro and Kreiser (count 1); violation of Plaintiffs' Fourth Amendment rights for unconstitutional policies, practices, and customs pursuant to 42 U.S.C. § 1983 against the City of Harrisburg (count 2); a Fourteenth Amendment Equal

Protection claim pursuant to § 1983 as to Kahlajah Brooks against all Defendants (count 3); common law assault as to Kahlajah Brooks against Kingsboro and Kreiser (count 4); common law battery as to Kahlajah Brooks against Kingsboro (count 5); a Fourth Amendment malicious prosecution claim pursuant to § 1983 against Keiser and the City of Harrisburg as to Simone Brooks (count 6); a Fourteenth Amendment Equal Protection claim pursuant to Section 1983 against Krieser and the City of Harrisburg as to Simone Brooks (count 7); a Fourth and Fourteenth Amendment claim for false arrest, unreasonable seizure, and false imprisonment against Kriser and the City of Harrisburg as to Simone Brooks (count 8); common law assault as to Simone Brooks against Kingsboro and Kreiser (count 9); common law battery against Kingsboro as to Simone Brooks (count 10); municipal liability under 42 U.S.C. 1983 against the City of Harrisburg (count 11); supervisor liability under 42 U.S.C. 1983 against the City of Harrisburg (count 12); intentional infliction of emotional distress against all Defendants (count 13); negligent infliction of emotional distress against all Defendants (count 14); and vicarious liability against the City of Harrisburg (count 15). (Doc. 18).  Defendants again filed a motion to dismiss. (Doc. 23). The motion is fully briefed (Doc. 24; Doc. 27) and ripe for disposition.

## II. __Legal Standard__

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. See FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under

4

Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 129-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible

claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Threadbare legal conclusions disguised as factual allegations are not sufficient for a facially plausible claim. Id. at 679.

## III.    Discussion

### A.  General Violations of Section 1983 (Count 1)

Plaintiffs claim "Kingsboro and Kreiser deprived Plaintiffs of the rights, privileges, and immunities secured to them by 42 U.S.C. § 1983 and the United States Constitution." (Doc. 18 ¶ 75). Section 1983 creates a remedy for individuals who have had their federally protected rights violated. However, Section 1983 "is not a source of substantive rights but rather a mechanism to vindicate rights afforded by the Constitution or a federal statute." Black v. Montgomery Cnty., 835 F.3d 358, 364 (3d Cir. 2016), as amended (Sept. 16, 2016) (citing Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). But Plaintiffs fail to identify what if any *specific* rights or laws any defendant violated, so they necessarily fail to state a claim at Count 1.

### B.  Equal Protection/Selective Enforcement (Counts 3 and 7)

Plaintiffs Kahlajah and Simone Brooks claim that defendants engaged in selective enforcement on the basis of race and gender in violation of the Equal Protection clause. The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S.

6

CONST. amend. XIV, § 1. Selective enforcement is a form of discriminatory law enforcement that violates the Equal Protection clause. Jewish Home of E. PA v. Ctrs. for Medicare & Medicaid Servs., 693 F.3d 359, 363 (3d Cir. 2012). To establish an equal protection claim in this type of case, a party must show (1) defendants took actions that "had a discriminatory effect and (2) were motivated by a discriminatory purpose." Bradley v. United States, 299 F.3d 197, 205 (3d Cir. 2002).

A discriminatory effect "may be proven by naming similarly situated members of an unprotected class who were not selected for the same [treatment] or, in some cases, by submitting statistical evidence of bias." Id. at 206 (citing Chavez v. Illinois State Police, 251 F.3d 612, 636 (7th Cir. 2001)). In this case, Plaintiffs do not name any members of an unprotected class who were treated differently.[3]

Instead, Plaintiffs try to proceed using statistical evidence. However, the statistical information must provide an "appropriate benchmark comparison" central to the alleged discrimination. Walton v. McCarthy, No. CV 24-2049, 2025 WL 2776179, at *9 (E.D. Pa. Sept. 29, 2025); see also, Chavez, 251 F.3d at 638. ("Of course, parties may not prove discrimination merely by providing the court with statistical analyses. The statistics proffered must address the crucial question of whether one class is being treated differently from another class that is otherwise similarly situated.").

---

[3] For example, it is a striking omission that the complaint does not mention the race of Ezell.

Here, Brooks points to statistical evidence that between 2013 to 2023, 66% of the people arrested in Harrisburg were African American despite African Americans only making up 47% of the total population. (Doc. 18 ¶ 27). This statistical evidence fails to provide an "adequate benchmark comparison" to show discriminatory effect.

First, evidence regarding all arrests in Harrisburg is too broad as it compares the instant arrest to all traffic stops, supervised release revocations, and other dissimilar incidents. See Walton, No. CV 24-2049, 2025 WL 2776179, at *11 (finding that statistics about all arrests were not specific enough to support an equal protection selective enforcement claim about racial bias during traffic stops). Second, Plaintiffs' statistics rely on the presumption that people of all races commit crimes at similar rates, but the Supreme Court forbade reliance on that presumption in United States v. Armstrong. 517 U.S. 456, 469-70 (1996). Instead, a litigant must identify specific individuals who could have been prosecuted but were not due to their race. Id. at 470. Because the statistical evidence about arrest rates in Harrisburg is too general and unspecific to show discriminatory effect on the basis of race and no evidence has been presented to support a claim of discrimination on the basis of gender, the claims (Counts 3, 7) relating to selective enforcement must fail.

### C. Fourth Amendment (Counts 6 and 8)

Plaintiff Simone Brooks alleges that Krieser violated her right to be free from malicious prosecution, false arrest, false imprisonment, and unreasonable seizure

8

under the Fourth Amendment. To prove malicious prosecution under the Fourth Amendment, a party must show that (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in her favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the party suffered a deprivation of liberty consistent with the conception of a seizure as a consequence of a legal proceeding. Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007). To succeed in a claim of false arrest and false imprisonment under Section 1983, a plaintiff must show that the arresting officer lacked probable cause to arrest her. Kokinda v. Breiner, 557 F. Supp. 2d 581, 592 (M.D. Pa. 2008). If an officer has probable cause to arrest, then the arrest does not violate the Fourth Amendment and is not an unreasonable seizure. Maryland v. Pringle, 540 U.S. 366, 374 (2003).

The common element between these claims is the arresting officer must have lacked probable cause. Probable cause to arrest exists when "when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Dempsey v. Bucknell Univ., 834 F.3d 457, 467 (3d Cir. 2016) (citing Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995)). An officer also has probable cause to arrest when she personally witnesses behavior that she believes to be even a minor criminal offense. Pringle, 540 U.S. at 370.

Plaintiffs allege that Kreiser arrested and charged Simone Brooks with disorderly conduct on April 1, 2023. (Doc. 18 ¶ 57). To survive a motion to dismiss, Plaintiffs would have to show Kreiser did not have probable cause to arrest Simone Brooks for disorderly conduct. To show probable cause was lacking, Plaintiffs must show that (1) Kreiser knowingly, deliberately, or with a reckless disregard for the truth made false statements or omissions in her affidavit of probable cause that created a falsehood in the arrest warrant and (2) such statements or omissions are material to the finding of probable cause. Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 789 (3d Cir. 2000).

Pennsylvania law states a person commits disorderly conduct if "with intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof, [s]he: (1) engages in fighting or threatening, or in violent or tumultuous behavior" 18 PA.C.S. § 5503(a)(1) (1973). The statute further clarifies that the "public" includes any neighborhood. Id. § 5503(c). Plaintiffs agree that multiple people reported the April 1 incident to emergency services, Plaintiffs used physical force during the incident, and Krieser personally witnessed Simone Brooks participate in the physical altercation. (Doc. 18 ¶¶ 47, 49, 50). Plaintiffs do not allege any facts stating that Kreiser made false statements or omissions relating to the arrest. An analysis of probable cause is not concerned with actual innocence or guilt, only what is known to the officer at the time of the arrest. Alburg v. Jones, 784 F.Supp.3d 775, 790 (E.D. Pa. 2025).

The amended complaint concedes that when Kreiser and the other officers arrived, Simone Brooks was involved in a fight. (Doc. 18 ¶ 48-50). Thus, there was probable cause to arrest Simone Brooks for disorderly conduct based on the facts available to the officers at the time. Further, while the charges against Simone Brooks were later dismissed, the complaint does not establish whether they were dismissed because the arrest was wholly unwarranted in the first place or because a more complete investigation revealed more facts, resulting in the dismissal of charges. Because probable cause existed at the time of arrest, Simone Brooks cannot state claims (Counts 6, 8) for Fourth Amendment violations.

**D. Municipal Liability (Counts 2, 3, 6, 7, 8, 11, 12, and 15)**

Plaintiffs allege multiple counts against the City of Harrisburg for violations of their Fourth and Fourteenth Amendment rights as well as claims of municipal liability, supervisor liability, and vicarious liability. All claims against the City of Harrisburg must fail because Plaintiffs fail to plausibly allege any policy, custom, or practice that the City of Harrisburg allegedly violated; moreover, a municipality cannot be held liable for discrete acts or under a theory of *respondeat superior*.

To hold a municipality liable for a constitutional deprivation under Section 1983, a party must show (1) that the municipality had a policy, custom, or practice and (2) that the policy itself violated a constitutional right or that the policy or custom was the moving force behind the constitutional tort of one of its employees. Thomas v. Cumberland Cnty., 749 F.3d 217, 222 (3d Cir. 2014) (citations omitted); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).

Plaintiffs' claim at Count 2 that the City of Harrisburg had "a policy, practice, and/or custom of permitting, promoting, and training their police officers to violate citizens' civil and constitutional rights through blatant racial and other discriminatory conduct," (Doc. 18 ¶ 80), is nothing more than a threadbare conclusion without sufficient factual allegations to support a claim. Iqbal, 556 U.S. at 679. Without specific allegations as to the policy, practice or custom of the City of Harrisburg that led to the harm, Plaintiffs have not met their burden of a facially plausible claim and Count 2 must be dismissed.[4]

While Plaintiffs' claim of failure to train at Count 11 can be a cognizable wrongdoing for a Monell claim, Plaintiffs still need to identify a specific policy, practice, or deficit in the existing training that caused the injury. Sgagias v. Newberry Twp. Police Dep't, No. 1:24-CV-1632, 2025 WL 2637665, at *5 (M.D. Pa. Sept. 12, 2025). Plaintiffs have not done so. To state a claim, Plaintiffs would need to show (1) a pattern of similar constitutional violations sufficient to demonstrate deliberate indifference and (2) that the municipality was on notice that the deficits in training would cause constitutional violations. Connick v. Thompson, 563 U.S. 51, 62 (2011).

Alternatively, Plaintiffs could allege failure to train based on a single incident, but this theory only succeeds when the need for training "can be said to be

---

[4] The failure to plead a specific policy, custom, or practice connected to the alleged violations of the Equal Protection Clause is a separate and independent basis to dismiss the claims against the City of Harrisburg in Counts 3 and 7 of the complaint as well.

'so obvious' that failure to do so could properly be characterized as 'deliberate indifference.'" Brizzy v. Luzerne Cnty. Child. & Youth Servs., No. 3:17-CV-2305, 2019 WL 3948783, at *4 (M.D. Pa. Aug. 20, 2019) (citing Canton v. Harris, 489 U.S. 378, 390 n. 10 (1989); see also Thomas, 749 F.3d at 223. An employee's failure to apply training on a specific occasion does not demonstrate a failure to train that is "so obvious" when the employee has been trained on the underlying general rule. Connick v. Thompson, 563 U.S. 51, 67 (2011) (finding that the failure to provide potentially exculpatory evidence was not a single-incident failure to train because the prosecutors had been trained on the general Brady rule and the city could not be expected to provide specific trainings on particular types of evidence).

Plaintiffs have not alleged facts showing a pattern of violations or that the City of Harrisburg was on notice of any alleged deficiencies in training. Plaintiffs have also not shown that the actions of either Kingsboro or Kreiser demonstrate a lack of training that was "so obvious" as officers had been trained in how to conduct investigations, and the City of Harrisburg does not have an obligation to train officers on how to respond to particular domestic incidents. Because Plaintiffs fail to allege sufficient facts to show that the City of Harrisburg had an unconstitutional policy, practice or custom to state a claim for municipal liability, Count 11 must be dismissed.

Plaintiffs claim that the City of Harrisburg shares liability with Kreiser for violating Simone Brooks's right to be free from malicious prosecution, false arrest, false imprisonment, and unreasonable seizure. As stated above, a municipality can

13

only be held liable for a constitutional violation under Section 1983 when the municipality causes the violation through an unconstitutional policy, procedure or custom. Canton, 489 U.S. at 385; Thomas, 749 F.3d at 222. Thus, a municipality cannot be held liable for a discrete act, such as Simone Brooks's arrest, without allegations of an unconstitutional policy, practice, or custom at issue. Because Plaintiffs have not alleged a specific policy, custom, or practice of the City of Harrisburg connected to the discrete acts of the arrest, Counts 6 and 8 as to the City of Harrisburg must be dismissed.

Finally, Plaintiffs claim that the City of Harrisburg is liable under supervisor liability and vicarious liability for the actions of Kingsboro and Kreiser on March 31 and April 1, 2023. Municipalities cannot be held liable under Section 1983 for the actions of subordinates, employees, or agents under a theory of *respodeat superior.* Sgagias, No. 1:24-CV-1632, 2025 WL 2637665, at *4; Harris, 489 U.S. at 385. As such, plaintiff's claims at Counts 12 and 15 must fail.

**E. State Law Claims (Counts 4, 5, 9, 10, 13, and 14)**

Because the court will be dismissing all federal claims in Plaintiffs' complaint, it will decline to exercise its discretion to adjudicate the remaining state law claims. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (quoting Borough of West Mifflin v.

14

Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)); see also Reiner v. Northumberland Cnty., 734 F. Supp. 3d 379, 390 (M.D. Pa. 2024) (declining to exercise supplemental jurisdiction where all federal claims had been dismissed); Vorobyev v. Wolfe, 638 F. Supp. 3d 410, 429 (M.D. Pa. 2022) (same). Counts 4, 5, 9, 10, 13 and 14 will all be dismissed without prejudice.

### III.   Conclusion

Plaintiffs' complaint details serious allegations of racially discriminatory conduct by the Harrisburg Bureau of Police, but courts do not decide outcomes on conclusory assertions or righteous principals. The court is bound to follow the law, and, therefore, cannot find for a party unless they can show that the law is in their favor. Plaintiffs have not yet shown that they have a plausible claim for relief on any count to form the basis for a federal lawsuit. The court will grant Defendants' motion (Doc. 23) and dismiss the complaint without prejudice. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    April 29, 2026